**Anthony James MOORE, Appellant,**

v.

**Timothy SCHUETZLE,; Elaine Little; Robert Coad; Denise Senger; Kathleen Bachmeier, individually and in their official capacities, Appellees,**

**Barbara Gross, individually and in her official capacity, Defendant,**

**Cordell Stromme; Mirna Stromme, individually and in their official capacities, Appellees,**

**Justin Heidt; Dan Gleich, individually and in their official capacities, Defendants,**

**Jeff Hostetter, Dr.; John Hagan, Dr., individually and in their official capacities, Appellees,**

**Tugrul Kihtir, Dr., individually and in his official capacity, Defendant.**

No. 05–1465.

United States Court of Appeals, Eighth Circuit.

Submitted March 23, 2006.

Decided March 27, 2006.

Anthony James Moore, Bismarck, ND, pro se.

Jean R. Mullen, Attorney General's Office, Bismarck, ND, Thomas F. Kelsch, William J. Delmore, Kelsch & Kelsch Collins & Main, Mandan, ND, for Defendants/Appellees.

Before MELLOY, FAGG, and BENTON, Circuit Judges.

PER CURIAM.

North Dakota inmate Anthony James Moore appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 lawsuit. Having conducted de novo review of the record and considered the parties' arguments, we find no basis for reversing the district court's well-reasoned opinion. *See Murphy v. Mo. Dep't of Corr.,* 372 F.3d 979, 982 (8th Cir.), *cert. denied,* 543 U.S. 991, 125 S.Ct.

---

1. The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

501, 160 L.Ed.2d 378 (2004) (standard of review). We also find no abuse of discretion in the district court's denial of Moore's requests for an independent medical examination, *see Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir.1997) (given particular factual issues in case, determining deliberate indifference was not so complicated that expert was required to establish inmate's case), and the appointment of a medical expert, *cf. Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir.1974) (manner and conditions of court-ordered medical examination, and designation of person to conduct examination, are vested in sound discretion of district court).

Accordingly, we affirm. *See* 8th Cir. R. 47B. We also deny Moore's pending motions.